David A. Bahr, D.D.C. Bar # OR0001
Bahr Law Offices, P.C.
1035 1/2 Monroe Street
Eugene, Oregon 97402
Tel: 541-556-6439
Email: davebahr@mindspring.com

Nina Robertson, D.D.C. Bar # D00370
Earthrise Law Center
Lewis & Clark Law School
57 Post Street, Suite 804
San Francisco, CA 94104
Tel: 847-636-1486
Email: nrobertson@lclark.edu

*Plaintiff's Attorneys*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NORTHWEST ENVIRONMENTAL ADVOCATES,** an Oregon non-profit corporation, P.O. Box 12187 Portland, OR 97212,<br><br>        Plaintiff,<br><br>    v.<br><br>**UNITED STATES DEPARTMENT OF INTERIOR,** an agency of the United States of America, 1849 C Street, N.W., Washington DC 20240,<br><br>        Defendant. | **Civil Action No.:** 1:17-cv-2019 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Northwest Environmental Advocates ("NWEA"), alleges as follows:

## INTRODUCTION

**1.**     In this action, brought pursuant to the Freedom of Information Act ("FOIA" or "the

Act"), 5 U.S.C. § 552 *et. seq.*, or, in the alternative, the Administrative Procedure Act ("APA"),

5 U.S.C. § 701 *et. seq.*, NWEA challenges the unlawful acts of the United States Fish and Wildlife Service ("FWS"), acting on behalf of the Defendant United States Department of Interior ("DOI" or "the Agency") as well as unlawful acts of the DOI itself in relation to NWEA's October 6, 2016 FOIA request to FWS, NWEA's August 4, 2017 FOIA request to DOI, and NWEA's May 2, 2017 appeal of the determination FWS made in response to NWEA's October 6, 2016 request.

**2.**      NWEA's October 6, 2016 FOIA request to FWS sought "all documents regarding Endangered Species Act Section 7 Consultation (including formal, informal, and national) between the FWS and the [U.S. Environmental Protection Agency] as they relate to" 19 specified revisions to California's water quality standards submitted by the state for EPA approval under the Clean Water Act.

**3.**      NWEA submitted its FOIA request, in part, so that it could continue to provide meaningful input on state and federal agency compliance with federal laws and policies, including the Clean Water Act, 33 U.S.C. 1251 *et seq.*, and the Endangered Species Act ("ESA"), 16 U.S.C. 1531 *et seq.,* as they apply to changes to water quality standards that may or may not be sufficient to protect threatened and endangered species listed under the ESA. More specifically, NWEA sought records from DOI that it could remain informed about the United States Environmental Protection Agency's ("EPA") and FWS's decisions regarding changes to California water quality standards primarily for toxic pollutants.

**4.**      DOI made a final determination on NWEA's FOIA request on March 23, 2017. Because DOI failed to produce records responsive to NWEA's request, NWEA timely appealed DOI's final determination on May 2, 2017.

**5.**      With its original appeal pending, NWEA submitted a second FOIA request to DOI on

August 4, 2017, seeking records that state the number of FOIA request appeals "initially filed with the [FWS] and now pending before the Office of the Solicitor." NWEA sought these records, in part, to gain information about the number of FOIA appeals pending before the DOI and the reasons why DOI was not making a timely determination on NWEA's FOIA appeal or providing NWEA with any information about its appeal.

6.      DOI's actions in relation to NWEA's FOIA requests and appeal violate FOIA in several ways. First, DOI failed to make a timely determination regarding NWEA's FOIA original request. Second, DOI failed to conduct an adequate search for records responsive to NWEA's October 6, 2016 FOIA request. Third, DOI failed to acknowledge receipt of NWEA's FOIA appeal and send NWEA the tracking number for the appeal. Fourth, DOI failed to provide NWEA with estimated dates on which FWS would make a determination on NWEA's FOIA appeal and on NWEA's August 4, 2017 FOIA request. Fifth, DOI has failed to make a determination on NWEA's appeal within the prescribed statutory period.

7.      These failures amount to illegal, constructive withholding of records responsive to NWEA's FOIA request and a pattern and practice of failing to comply with FOIA.

8.      Each of these failures violates FOIA, or, in the alternative, the APA.

9.      NWEA is engaged in ongoing public outreach, education, and government "watch dog" efforts regarding state and federal compliance with environmental statutes, and DOI's repeated failures to comply with FOIA frustrate NWEA's mission.

10.     Accordingly, NWEA seeks a declaration from this Court that DOI has violated FOIA, or in the alternative, the APA. NWEA also seeks an injunction from this Court that directs DOI to promptly provide NWEA with the requested records.

**JURISDICTION, VENUE AND BASIS FOR RELIEF**

**11.**     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA, the APA, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

**12.**     Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for all FOIA cases in the District of Columbia.

**13.**     Declaratory relief is appropriate under 28 U.S.C. § 2201.

**14.**     Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

**15.**     NWEA is a regional non-profit environmental organization founded in 1969 and incorporated under the laws of Oregon in 1981, with its principal place of business in Portland, Oregon. NWEA's mission is to work through advocacy and education to protect and restore water and air quality, wetlands, and wildlife habitat across the nation. NWEA employs public education, community organizing, strategic partnerships, public records requests, information sharing, advocacy with administrative agencies, policy analysis, lobbying, and litigation to ensure better implementation and enforcement of the nation's laws that preserve the natural environment and protect water quality.

**16.**     NWEA is a leader in protecting water quality and endangered aquatic species, and actively participates in many state and federal agency actions that affect water quality. NWEA provides advice and information to many environmental organizations across the country. Indeed, NWEA is an informational conduit to the public, the media, government agencies, and other environmental organizations such as water quality groups, salmon conservation and recovery groups, and organizations focused on protection of endangered species as well as

regulatory agencies that carry out the Clean Water Act and the Endangered Species Act.

17.     NWEA and its members also derive benefits from agencies' compliance with FOIA and from its receipt of public records.

18.     The records in this action are requested in support of its NWEA's ongoing efforts to improve protection of species through proper implementation of the Clean Water Act and the Endangered Species Act. Because the information requested had not been publicly disclosed, its disclosure would significantly enhance public understanding concerning state and federal compliance of the Clean Water Act and the Endangered Species Act—in particular EPA's obligation to ensure that its approval of new or revised water quality standards do not adversely affect threatened or endangered species.

19.     The above-described interests of NWEA and its members have been, are being, and, unless the relief requested herein is granted, will continue to be adversely affected by DOI's disregard of its statutory duties under FOIA and by the unlawful harm that results. DOI's failure to fully implement FOIA injures the interests of NWEA and its members and the relief requested in this lawsuit can redress these injuries.

20.     Defendant DOI is an agency of the executive branch of the United States government, and is in possession, custody, or control of the records sought by NWEA, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f). The FWS is an administrative component of the DOI.

## STATUTORY BACKGROUND

21.     FOIA imposes strict and rigorous deadlines on federal agencies. The Act requires a federal agency that receives a FOIA request to determine whether the requested records are exempt from disclosure under 5 U.S.C. § 552(b) and to communicate that determination to the requester within 20 business days. 5 U.S.C. § 552(a)(6)(A)(i). If the agency determines the

records are not exempt from public disclosure, the agency is required to make the requested records "promptly available" to the requester. 5 U.S.C. § 552(a)(3)(A),

**22.**     If the requester appeals an agency's determination, the agency must make a determination with respect to that appeal within 20 business days. 5 U.S.C. § 552(a)(6)(A)(ii). The 20-business-day period commences on the date on which the request is first received by the appropriate component of the agency, "but in any event not later than ten days after the request is first received by any component of the agency" that is designated in the agency's regulations to receive requests under FOIA. *Id.*

**23.**     Congress set forth the circumstances in which federal agencies may take longer than 20 business days to make a determination. First, the agency may toll the 20 business-day deadline for up to ten additional business days while the agency is waiting for the information that it has reasonably requested from the requester. 5 U.S.C. § 552(a)(6)(A)(ii)(I).

**24.**     Second, the agency may also toll the 20 business-day deadline for up to ten additional business days if it needs to clarify with the requester any issues regarding fee assessment. 5 U.S.C. § 552(a)(6)(A)(ii)(II). If the agency faces "unusual circumstances," the agency may extend the 20-business-day deadline if the agency sets "forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i). No extension will exceed 10 business days unless the agency provides written notice to the requester explaining the "unusual circumstances" requiring an extension, establishes the date on which the agency expects to make the determination, and gives the requester "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(ii).

25.     Under FOIA, "unusual circumstances" are defined as "the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request[,]" or "the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request," or "the need for consultations … with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii).

26.     If the agency fails to meet the disclosure deadlines established by FOIA, including the deadline to determine within 20 business days whether to respond to the request, the agency may not charge the requester for the costs incurred in searching for or duplicating the requested documents unless unusual or exceptional circumstances apply. 5 U.S.C. § 552(a)(4)(A)(viii).

27.     Unless an agency subject to FOIA properly establishes a different timeline for disclosing responsive records, FOIA's mandate to make public records "promptly available" to a requester requires federal agencies to provide responsive records to a requester within or shortly after the 20-business-day deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i).

28.     FOIA mandates that every federal agency "(A) establish a system to assign an individualized tracking number for each request received that will take longer than ten days to process and provide to each person making a request the tracking number assigned to the request; and (B) establish a telephone line or Internet service that provides information about the status of a request to the person making the request using the assigned tracking number, including—(i) the date on which the agency originally received the request; and (ii) an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7).

**29.**     A U.S. district court has jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

**30.**     If the government can show that "exceptional circumstances" exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records. 5 U.S.C. § 552(a)(6)(C)(i). Notably, the term "exceptional circumstances" does *not* include a delay that results from a predictable agency workload of FOIA requests, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests. 5 U.S.C. § 552(a)(6)(C)(ii).

**31.**     Agency action arising under FOIA has also been subject to judicial review under the APA.

**32.**     Under the judicial review provisions of the APA, district courts are authorized to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1). District courts must also set aside any agency action found to be arbitrary, capricious, an abuse of discretion, not in accordance with law, or made without observation of required procedures. 5 U.S.C. § 706(2)

## STATEMENT OF FACTS

### NWEA's October 2016 FOIA Request

**33.**     On October 6, 2016, NWEA sent a FOIA request to FWS via email addressed to fwhq_foia@fws.gov that requested all records regarding ESA Section 7 consultation (including formal, informal, and national) between FWS and the EPA as they relate to EPA's approval of 19 separate revisions to California's water quality standards pursuant to Section 303(c) of the Clean Water Act (33 U.S.C. § 1313(c)). These include EPA's approval of California's proposed

changes to water quality standards for mercury, ammonia, turbidity, chloride, and organochlorine pesticides, among other pollutants, in various California water bodies.

34.     In its request, NWEA listed each of the 19 EPA-approved revisions to California water quality standards, including: (1) the contents of the changes to water quality standards; (2) the date on which EPA approved the changes; and (3) the date, if any, on which EPA stated that it had entered into ESA Section 7 consultations with FWS.

35.     For each of the 19 revisions to California water quality standards and related ESA Section 7 consultations between EPA and FWS for which NWEA sought records, NWEA submitted an exhibit—letters from US EPA to California approving the changes to standards and referencing Section 7 consultations with FWS—demonstrating the existence of such records likely to be in FWS's possession.

36.     These exhibits were approval letters from EPA to the State of California, specifically referencing the fact that EPA was already undertaking or intended to undertake ESA Section 7 consultations with FWS and/or the National Marine Fisheries Service ("NMFS") pertaining to EPA's approval of the changes to the identified water quality standards.

37.     NWEA's FOIA request sought "all described documents whose disclosure is not expressly prohibited by law," and stated that it was "not meant to be exclusive of other records which, though not specifically requested, would have a reasonable relationship to the subject matter" of the request.

38.     On October 7, 2016, FWS notified NWEA in an email that the request had been transferred to FWS's Region 8 office.

39.     On October 25, 2016, FWS sent NWEA a letter acknowledging that FWS had received NWEA's FOIA request on October 7, 2016 and assigning the request a tracking number of FWS-

2017-00069. The letter also explained that the request had been placed on a "complex" track and that a 10-business-day extension was therefore warranted. It stated that FWS planned to respond to NWEA's request by November 21, 2016.

**40.**    At the very latest, based on the October 7, 2016 date that the FWS acknowledges receiving FOIA request FWS-2017-00069, the deadline for issuing a final determination under FOIA (accounting for the Columbus Day federal holiday) elapsed on November 21, 2016.

**41.**    On February 3, 2017, 79 business days after filing its FOIA request, over three months after the last communication from FWS was received, and over two months after FWS estimated it would respond to NWEA's request, NWEA notified FWS by emailed letter that the response to its FOIA request was past due.

**42.**    That same day, February 3, 2017, FWS sent NWEA a final determination letter stating that FWS had searched its offices for the Bay Delta, Carlsbad, Region 8, Sacramento, Ventura, and Yreka, all of which are locations where FWS maintains offices.  FWS stated in the letter that this search had yielded one responsive record in the Sacramento office. In a separate email, also sent on February 3, FWS sent NWEA the single record.

**43.**    The single responsive record FWS had located and sent to NWEA was a January 13, 2016 email from Terrence Fleming to Jan Affonso at FWS, with the subject line "Consultations on State Water Quality Standards Approvals." Attached to that email from Fleming to Affonso was a "Memorandum of Agreement Between the EPA, FWS and NMFS Regarding Enhanced Coordination Under the Clean Water Act and Endangered Species Act."

**44.**    On February 21, 2017, in an effort to assist FWS with its search for responsive records, NWEA sent the Agency an email asking if FWS would be open to looking at documents from other agencies that "strongly suggest that FWS has various documents" in addition to the single

record FWS had disclosed to NWEA on February 3, 2017. FWS replied affirmatively by email to NWEA on February 22, 2017 stating that NWEA should provide the proffered documents.

45.     Accordingly, on February 22, 2017, NWEA sent FWS two emails with a total of 20 records attached. In the first email, NWEA sent FWS "an additional 16 documents that [NWEA] received from EPA in which FWS is copied or referenced in relation to Section 7 consultations." In the second email,, NWEA sent FWS "four NOAA documents in which FWS is referenced."

46.     The 20 records that NWEA shared with FWS on February 22, 2017 constituted new leads and evidence suggesting FWS had overlooked information in its search for responsive documents.

47.     On March 1, 2017, FWS sent NWEA an email stating that it had "reopened" NWEA's FOIA request and would begin "re-searching for records."

48.     On March 8, 2017, NWEA sent FWS an email requesting the Agency provide NWEA with an estimated completion date.

49.     On March 9, 2017, FWS replied by email to NWEA's March 8 request stating that the records would "[h]opefully be [provided] by the end of the month."

50.     On March 23, 2017, 113 business days after NWEA submitted its original FOIA request, FWS sent NWEA a CD by U.S. mail. The CD contained a second determination letter, dated March 23, 2017 and, according to the letter, "four" responsive records. However, one of the records was a document provided in duplicate.

51.     The first record was a letter dated April 14, 2000 from FWS to an EPA Environmental Scientist responding to a request "for a list of threatened and endangered species, and any proposed or designated critical habitat for species that may be affected by the proposed amendments to the Los Angeles Region Water Quality Control Plan."

**52.**     The second record was a letter dated October 24, 2012 from the Division Chief of

Environmental Contaminants / Federal Projects at the Carlsbad FWS Office to an official at EPA

Region 9, responding to a request for "a list of endangered and threatened species and critical

habitat that occur in the Dominguez Channel, Los Angeles Harbor and Long Beach Harbor areas

of Los Angeles County."

**53.**     The third record (and its duplicate) was a letter dated February 19, 2016 from FWS to the

chief of the Water Quality Assessment Section at EPA Region 9, responding to a request for

"concurrence with [a] determination that the approval of amendments to the Los Angeles Water

Quality Control Plan (Basin Plan) for chlorides in the upper Santa Clara River may affect, but is

not likely to adversely affect," a number of federally endangered species.

**54.**     On April 10, 2017, NWEA contacted FWS by email inquiring as to whether the March

23, 2017 letter was a final determination and asking if FWS would be open to further discussion

or whether NWEA's only avenue was to appeal the final search and record production. That

same day, FWS confirmed by email to NWEA that the letter was a final search and that NWEA's

only next step was to appeal.

### NWEA's May 2017 FOIA Appeal

**55.**     Believing that FWS had failed to conduct an adequate search reasonably calculated to

locate information responsive to its information request, and with evidence that FWS failed to

produce responsive records, NWEA timely appealed FWS's two determinations to its FOIA

request on May 2, 2017. NWEA filed the appeal via email, sent to FOIA.Appeals@sol.doi.gov.

**56.**     At the very latest, based on the May 2, 2017 date on which NWEA filed its appeal via

email (and accounting for the Memorial Day holiday), the deadline for issuing a final

determination on the appeal of NWEA's FOIA request (FWS-2017-00069) elapsed in May 31,

2017.

**57.**     DOI has provided no acknowledgement of NWEA's appeal. In an attempt to discern the status of its appeal, NWEA has repeatedly requested from DOI the individualized tracking number for its appeal of FOIA request FWS-2017-00069.

**58.**     Specifically, on June 1, 2017, NWEA called the DOI appeals office and left a message asking for information on the status of the appeal. The phone message was not returned. On June 5, 2017, NWEA called again to seek a tracking number and an estimated completion date and was told that the appeal had been received, that it had been given a tracking number, and that no other information on the appeal other than the tracking number would be provided by the DOI.

**59.**     On June 21, 2017, NWEA sent an email to DOI noting that having obtained the tracking number, NWEA was unable to obtain information concerning the appeal on the DOI's FOIA tracker, and asking for an estimated completion date for the appeal. DOI did not respond to this request.

**60.**     Also on June 21, 2017, having received no responses to its request for information from FWS about the status of its appeal, NWEA also contacted the Office of Government Information Services ("OGIS"), the federal FOIA ombudsman for assisting with the FOIA process. NWEA's email prompted an automatic email response from OGIS noting that there might be a delay in the OGIS response "[d]ue to an increase in demand for our services."

**61.**     On July 6, 2017, OGIS responded substantively to NWEA by email. In relevant part, OGIS stated:

> We understand from DOI that the online tracker can only be used to learn the status of initial requests. DOI does not have online tracking for appeals.
>
> . . . The Office of the Solicitor does not provide requesters with estimated dates of completion for appeals, and declined to provide OGIS with any information regarding the position on your appeal in their appeal queue.

62.     NWEA again emailed the DOI office on July 6, 2017 seeking an estimated completion date for the appeal. Again, DOI did not respond to this request.

63.     NWEA again emailed the DOI office on July 25, 2017 seeking an estimated completion date for the appeal. Again, DOI did not respond to this request.

64.     On September 25, 2017, NWEA emailed Defendant a letter again seeking an estimated completion date for the appeal. As of the date of the filing of this action, DOI has not responded to this request.

65.     Thus, NWEA has not been able to obtain any information about the status of its FOIA appeal through the DOI office by telephone, through the efforts of OGIS, or using the DOI FOIA tracker.

66.     As of the date this action was filed, DOI has not informed NWEA of the date on which the Agency received the appeal of FOIA request FWS-2017-00069.

67.     As of the date this action was filed, DOI has not informed NWEA that NWEA's appeal was sent to an inappropriate component of the agency, nor has FWS requested information regarding the scope or content of NWEA's request, or sought to clarify with NWEA issues regarding fee assessment.

68.     As for the date this action was filed, DOI has not provide an estimated completion date for the appeal of FOIA request FWS-2017-00069.

69.     As of the date this action was filed, NWEA has contacted DOI on six occasions to inquire about the status of its FOIA appeal and to request an estimated date of completion for the DOI's determination on the appeal. In so doing, NWEA invoked 5 U.S.C. § 552(a)(7)(B)(ii).

70.     DOI has not responded to any of NWEA's requests for information about the status of its appeal.

**71.**     As of the date this action was filed, DOI has failed to make a final determination resolving NWEA's FOIA appeal of FOIA request FWS-2017-00069 within the deadline of 20 business days from its receipt.

**72.**     As of the date this action was filed, FWS has failed to provide NWEA with a written notice setting forth any unusual circumstances, beyond the "complex" track designation and associated 10-business-day extension that FWS asserted in its letter to NWEA on October 25, 2016, that would justify extension of any of FOIA's deadlines, as required by 5 U.S.C. 552(a)(6)(B)(i).

**73.**     Because DOI has failed to respond to NWEA's FOIA appeal within the period required by FOIA, NWEA has constructively exhausted all administrative remedies required by FOIA and may seek immediate judicial review. 5 U.S.C. §§ 552(a)(6)(A)(ii), (a)(6)(C)(i).

### NWEA's August 2017 FOIA REQUEST

**74.**     Having received no information from DOI about the status of its May 2, 2017 appeal, NWEA submitted a FOIA request via email to the DOI appeals office on August 4, 2017.

**75.**     The August 4, 2017 request sought "1. A list, chart, queue, database, or other compendium of appeals of FOIA requests initially filed with the U.S. Fish and Wildlife Service and now pending before the Office of the Solicitor; and 2. If no such document as described in item no. 1 above exists, any document that states the number of such pending appeals."

**76.**     On August 8, 2017, DOI acknowledged in a letter emailed to NWEA that it had received NWEA's FOIA request on August 7, 2017 and assigned it the tracking number SOL-2017-00223.

**77.**     The DOI's August 8, 2017 letter did not provide an estimated date of completion of its determination for NWEA's request. Instead, it stated "[y]ou can expect to hear from us promptly

regarding the outcome of this search."

78.      As of the date of this action, DOI has not made a determination on NWEA's August 4, 2017 FOIA request, nor has it provided NWEA with an estimated date of completion of its determination on this request.

79.      The deadline for DOI to make a decision on this FOIA request was September 1, 2017, 20 business days after DOI received the request.

80.      On September 13, 2017, NWEA sent DOI an email noting that DOI acknowledged receipt of NWEA's on August 8, 2017 and that "it has now been over one month and I have heard nothing, have received no records, and have not been given an estimated completion date for this request" and that NWEA expects "to hear back from you in short order, certainly within a week of today." As of the date of this complaint, NWEA has not received a response from DOI to this message.

81.      On September 25, 2017, NWEA sent DOI a letter by email seeking an estimated completion date for the FOIA request, invoking 5 U.S.C. § 552(a)(6)(A)(ii).

82.      NWEA has twice specifically requested from DOI an estimated date of completion of FOIA request SOL-2017-00223.

83.      The filing of this lawsuit is necessary to compel Defendant to disclose all records that are responsive to NWEA's FOIA request SOL-2017-00223.

84.      NWEA's claims presented herein are not insubstantial within the meaning of 5 U.S.C. § 552(a)(4)(E)(ii)(II).

85.      No exceptional circumstances exist within the meaning of FOIA, 5 U.S.C. § 552(a)(6)(C), that would allow this Court to grant Defendant more time to review and disclose requested records.

**86.**     Defendant has not exercised due diligence in searching for and releasing records responsive to NWEA's request.

**87.**     The delays at issue in this case result from a predictable agency workload of FOIA requests. Defendant has not made reasonable progress in reducing its backlog of pending requests.

**88.**     The circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholdings at issue in this case.

**89.**     Based on the nature of NWEA's professional activities, NWEA will continue to employ FOIA's provisions in information requests to FWS and DOI in the foreseeable future. Indeed, NWEA has firm and definite plans to submit additional FOIA requests to FWS and DOI in the near future. NWEA's professional activities will be adversely affected if FWS or DOI are allowed to continue violating FOIA's disclosure provisions. Unless enjoined and made subject to a declaration of NWEA's legal rights by this Court, FWS will continue to violate the rights of NWEA to receive public records under FOIA.

**90.**     NWEA has been required to expend costs and to obtain the services of attorneys to prosecute this action.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE FREEDOM OF INFORMATION ACT:
### FAILURE TO CONDUCT AN ADEQUATE SEARCH

**91.**     NWEA hereby incorporates by reference the allegations in the preceding paragraphs.

**92.**     FOIA requires federal agencies to respond to FOIA requests by conducting a search reasonably calculated to uncover all relevant documents. An agency must take into account leads and other positive indications that suggest other records might be located outside the scope of its

original search.

**93.**     In its October 6, 2016 request and February 22, 2017 emails to FWS, NWEA provided

Defendant with numerous exhibits — letters from US EPA to California approving the changes

to standards and referencing Section 7 consultations with FWS — evidencing the existence of

records and classes of records responsive to its request in Defendant's possession or control.

**94.**     Defendant has failed to reasonably search for and disclose documents relating to its role

in ESA § 7 consultation concerning specific amendments to water quality standards in

California, records that are in its possession or control.

**95.**     Defendant violated FOIA and NWEA's right to an adequate FOIA search by failing to

conduct a search reasonably calculated to uncover all relevant documents responsive to NWEA's

request, and failing to take into account leads and positive indications of responsive documents

represented in the exhibits provided to Defendant by NWEA.

**96.**     NWEA is entitled to reasonable costs of litigation and attorney fees pursuant to FOIA. 5

U.S.C. § 552(a)(4)(E).

## COUNT II
### VIOLATION OF THE FREEDOM OF INFORMATION ACT:
### UNLAWFUL,CONSTRUCTIVE DENIAL OF FOIA REQUEST AND
### WITHHOLDING OF INFORMATION

**97.**     NWEA hereby incorporates by reference the allegations in the preceding paragraphs.

**98.**     NWEA has a statutory right to the records it seeks, which are "agency records" within the

meaning of FOIA, and there is no legal basis for Defendant to assert that any of FOIA's nine

disclosure exemptions apply to the records requested. *See* 5 U.S.C. § 552(b)(l)-(9).

**99.**     Defendant violated NWEA's rights under FOIA by failing to comply with the Act's

decision deadlines and to make a determination on NWEA's FOIA appeal and by thus

constructively withholding information responsive to NWEA's FOIA request and appeal.

**100.**     Based on the nature of NWEA's professional activities, it will continue to employ FOIA's provisions in information requests to Defendant in the foreseeable future.

**101.**     NWEA's professional activities will be adversely affected if Defendant is allowed to continue violating FOIA's disclosure provisions as it has in this case.

**102.**     Unless enjoined and made subject to a declaration of NWEA's legal rights by this Court, Defendant will continue to violate the rights of NWEA to receive public records under FOIA.

**103.**     NWEA is entitled to reasonable costs of litigation, including attorneys' fees and costs pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## COUNT III

### VIOLATION OF THE FREEDOM OF INFORMATION ACT: DECISION DEADLINE VIOLATIONS

**104.**     NWEA hereby incorporates by reference the allegations in the preceding paragraphs.

**105.**     NWEA has a statutory right to have Defendant process its FOIA request and appeal in a manner which complies with FOIA. NWEA's rights in this regard were violated when the Defendant failed to make a determination on NWEA's FOIA requests and appeal by the deadlines imposed by FOIA. 5 U.S.C. §§ 552(a)(6)(A)(i); 552(a)(6)(A)(ii).

**106.**     Defendant is unlawfully withholding public disclosure of records sought by NWEA, records which are "agency records" within the meaning of FOIA, to which NWEA is entitled, and for which no valid disclosure exemption applies.

**107.**     Based on the nature of NWEA's professional activities, it will continue to employ FOIA's provisions in information requests to Defendant in the foreseeable future.

**108.**     NWEA's professional activities will be adversely affected if Defendant allowed to continue violating FOIA's decision deadlines as it has in this case.

**109.**     Unless enjoined and made subject to a declaration of NWEA's legal rights by this Court,

Defendant will continue to violate the rights of NWEA to have its information requests processed as required by FOIA.

**110.**    NWEA is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

**COUNT IV**

**VIOLATION OF THE FREEDOM OF INFORMATION ACT:**
**FAILURE TO INFORM DATE OF RECEIPT AND TRACKING NUMBER**
**OF FOIA APPEAL**

**111.**    NWEA hereby incorporates by reference the allegations in the preceding paragraphs.

**112.**    FOIA requires federal agencies to acknowledge receipt of requesters' appeals of FOIA determinations, provide requesters with the date upon which the agency received FOIA appeal and provide an individualized tracking number for each appeal received that will take longer than ten days to process. 5 U.S.C. §§ 552(a)(7)(A), (B)(i).

**113.**    Defendant has repeatedly violated and continues to violate FOIA by failing to acknowledge receipt of NWEA's May 2, 2017 FOIA appeal, failing to inform NWEA of the date on which it received NWEA's appeal, and failing to inform NWEA of the tracking number of the appeal.

**114.**    NWEA is entitled to reasonable costs of litigation and attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

**COUNT V**

**VIOLATION OF THE FREEDOM OF INFORMATION ACT:**
**FAILURE TO PROVIDE AN ESTIMATED DATE ON WHICH THE AGENCY WILL**
**COMPLETE ACTION ON PLAINTIFF'S FOIA REQUESTS AND APPEAL**

**115.**    FOIA requires federal agencies to provide the requester with information about the status of the agency's response to an appeal, including an estimated date on which the agency will complete action on the appeal. 5 U.S.C. § 552(a)(7)(B)(ii).

116.     NWEA asked Defendant, or its component FWS, at least eight times for an estimated

date on which Defendant would complete action on NWEA's administrative requests and appeal.

In so doing, NWEA constructively invoked 5 U.S.C. § 552(a)(7)(B)(ii).

117.     As of the date this action was filed, Defendant has failed to provide an estimated date on

which Defendant would complete action on NWEA's pending FOIA request and appeal.

118.     Defendant has repeatedly violated and continues to violate FOIA by failing to provide

NWEA with an estimated date of completion for NWEA's pending request and appeal.

119.     NWEA is entitled to reasonable costs of litigation and attorney fees pursuant to FOIA. 5

U.S.C. § 552(a)(4)(E).

## COUNT VI

### VIOLATION OF FOIA AND THE APA:
### ENGAGING IN A PATTERN, PRACTICE OR POLICY OF UNLAWFUL CONDUCT
### OF FAILURE TO PROVIDE ESTIMATED COMPLETION DATES

120.     NWEA hereby incorporates by reference the allegations in the preceding paragraphs.

121.     Defendant has adopted and is engaged in a pattern, practice or policy of violating FOIA's

procedural requirements when processing FOIA requests or associated appeals by repeatedly

refusing to issue an estimated date on which it will complete action on information requests or

associated appeals as required by 5 U.S.C. § 552(a)(7)(B)(ii).

122.     Defendant's practice or policy regarding its online FOIA tracker is that it does not

monitor the progress of FOIA appeals of information requests.

123.     Defendant's Office of the Solicitor has a practice or policy of not providing requesters

with estimated dates of completion for appeals of information requests.

124.     In this case Defendant has engaged in a pattern, practice or policy of violating FOIA in

responding to NWEA's August 4, 2017 request and May 2, 2017 appeal of its October 6, 2016

request by its failure to provide estimated dates by which Plaintiff's August 4, 2017 FOIA

request and May 2, 2017 FOIA appeal of the October 6, 2016 request would be completed.

125.    Defendant's pattern, practice or policy of failing to provide estimated completion dates

for processing information requests or associated appeals violates the intent and purpose of

FOIA.

126.    Defendant's patterns, practices or policies for processing FOIA requests and appeals have

resulted in violations of NWEA's rights to the lawful implementation of FOIA as alleged above.

127.    Additionally, Defendant's patterns, practices or policies for processing FOIA requests

and appeals are likely to result in future violations of FOIA that will harm NWEA and its

members because NWEA is likely to continue seeking public records from Defendant.

128.    Defendant's patterns, practices or policies of unlawful conduct in violation of the FOIA's

clear requirement to issue an estimated date on which it will complete action on information

requests or associated appeals is likely to recur absent intervention by this Court.

129.    Defendant's pattern, practice or policy exists, whether formal or informal in nature.

130.    FOIA imposes no limits on courts' equitable powers in enforcing its terms, and this Court

should exercise its equitable powers to compel Defendant to comply with the clear requirements

of FOIA and prevent it from continuing to apply its unlawful FOIA pattern, practice or policy.

131.    NWEA is entitled to a declaration that Defendant's actions violated FOIA and to an

injunction barring Defendant from violating FOIA in the future when responding to NWEA's

FOIA requests or associated appeals. Whether made under FOIA or the APA, declaratory or

injunctive relief will clarify and settle the legal relations at issue and afford relief from the

uncertainty and controversy giving rise to these proceedings.

132.    Defendant's unlawful patterns, practices or policies of violating FOIA when responding

to NWEA's FOIA requests or associated appeals entitles NWEA's to an award of reasonable attorney fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

## COUNT VII

### (In the alternative to Counts I through VI)

**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT:
FAILING TO COMPLY WITH FOIA IN RESPONDING TO
NWEA's OCTOBER 6, 2016 AND AUGUST 4, 2017 FOIA REQUESTS AND MAY 2,
2017 APPEAL**

**133.** NWEA hereby incorporates by reference the allegations in the preceding paragraphs.

**134.** Defendant has failed to act in an official capacity under color of legal authority by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) undertake a search reasonably calculated to locate records responsive to NWEA's FOIA October 6, 2016 request and appeal; (2) issue a timely final determination of NWEA's FOIA requests and appeal; (3) provide NWEA with the specific date it received its appeal; (4) provide NWEA with the estimated completion dates of its August 4, 2017 request and May 2, 2017 appeal, and; (5) provide NWEA with a tracking number for its appeal.

**135.** NWEA has been adversely affected and aggrieved by the Defendant's failure to comply with the mandates of FOIA. Defendant's failure and refusal to: (1) undertake a search reasonably calculated to locate records responsive to NWEA's FOIA October 6, 2016 request and appeal; (2) issue a timely final determination of NWEA's FOIA requests and appeal; (3) provide NWEA with the specific date it received its appeal; (4) provide NWEA with the estimated completion dates of its August 4, 2017 request and May 2, 2017 appeal; and (5) provide NWEA with a tracking number for its appeal, has injured NWEA's interests in public oversight of governmental operations and constitute a violation of Defendant's statutory duties under the APA.

136.    NWEA has suffered a legal wrong as a result of the Defendant's failure to comply with the mandates of FOIA. Defendant DOI's failure and refusal to: (1) undertake a search reasonably calculated to locate records responsive to NWEA's FOIA October 6, 2016 request and appeal; (2) issue a timely final determination of NWEA's FOIA requests and appeal; (3) provide NWEA with the specific date it received its appeal; (4) provide NWEA with the estimated completion dates of its August 4, 2017 request and May 2, 2017 appeal; and (5) provide NWEA with a tracking number for its appeal, has injured NWEA's interests in public oversight of governmental operations and constitute a violation of Defendant's statutory duties under the APA.

137.    Defendant's failure and refusal to: (1) undertake a search reasonably calculated to locate records responsive to NWEA's FOIA October 6, 2016 request and appeal; (2) issue a timely final determination of NWEA's FOIA requests and appeal; (3) provide NWEA with the specific date it received its appeal; (4) provide NWEA with the estimated completion dates of its August 4, 2017 request and May 2, 2017 appeal; and (5) provide NWEA with a tracking number for its appeal, constitutes agency action unlawfully withheld and unreasonably delayed and is therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

138.    Alternatively, Defendant's failure and refusal to: (1) undertake a search reasonably calculated to locate records responsive to NWEA's FOIA October 6, 2016 request and appeal; (2) issue a timely final determination of NWEA's FOIA requests and appeal; (3) provide NWEA with the specific date it received its appeal; (4) provide NWEA with the estimated completion dates of its August 4, 2017 request and May 2, 2017 appeal; and (5) provide NWEA with a tracking number for its appeal, is a violation of FOIA and is therefore arbitrary, capricious, or an abuse of discretion and not in accordance with law, and is therefore actionable pursuant to the

APA, 5 U.S.C. § 706(2).

**139.**     NWEA is entitled to judicial review under the Administrative Procedure Act 5 U.S.C. §§ 702, 706.

**140.**     NWEA is entitled to costs of disbursements and costs of litigation, including reasonable attorney and expert witness fees, under the Equal Access to Justice Act, 28 U.S.C.S. § 2412.


## REQUESTS FOR RELIEF

WHEREFORE, NWEA requests that this Court:

**1.**     Adjudge and declare that Defendant has violated FOIA for the reasons set forth above;

**2.**     Order Defendant to comply immediately with FOIA by conducting an adequate search for responsive records, and by providing NWEA all non-exempt public records subject to NWEA's October 6, 2016 FOIA request;

**3.**     Declare that Defendant has engaged in an unlawful pattern or practice of violating FOIA when responding to NWEA's FOIA request;

**4.**     Enjoin Defendant from continuing that unlawful pattern or practice of violating FOIA when responding to NWEA's FOIA requests for documents;

**5.**     Award NWEA its reasonable attorneys' fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E) and/or award NWEA its reasonable fees, expenses, costs, and disbursements, including attorneys' fees associated with this litigation, under the Equal Access to Justice Act, 28 U.S.C. § 2412;

**6.**     Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

/ / /

/ / /

**7.**     Grant such further and additional relief as this Court may deem just and proper.

Respectfully submitted for the Court's consideration, this 29th day of September, 2017.

/s/_David A Bahr___

David A. Bahr, D.D.C. Bar #OR0001
Bahr Law Offices, P.C.
1035 1/2 Monroe Street
Eugene, Oregon 97402
Tel: 541-556-6439
Email: davebahr@mindspring.com

/s/_Nina C. Robertson_

Nina Robertson, D.D.C. Bar # D00370
Earthrise Law Center
Lewis & Clark Law School
57 Post Street, Suite 804
San Francisco, CA 94104
Tel: 847-636-1486
Email: nrobertson@lclark.edu